IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

RONALD MCCRAY,

                    Plaintiff,

          v.

LORI S. CURTIS LUTHER, KEVIN LEAVY, REGINA          OPINION and ORDER
DUNKIN, CLINTON ANDERSON, NANCY
FORBECK, BETH JACOBSEN, MARK PREUSCHL,                22-cv-288-wmc[1]
JILLIAN PETERSON, RALPH BERKLEY, MARDELL
JACOBSEN, ANA KELLY, DENNIS MURPHY,
TRESSY BROWN, and SHERRY BLAKELEY,

                    Defendants.

          Pro se plaintiff Ronald McCray, who paid the $402 filing fee, alleges various state and

federal-law violations in connection with unsuccessful state court litigation. Because McCray's

complaint does not contain a short and plain statement of his claims showing that he is entitled

to relief, I will order him to file an amended complaint to fix this problem.


                                     BACKGROUND

          I draw the following background from *McCray v. Luther*, No. 2019AP1993,

2021 WL 8567700 (Wis. Ct. App. Mar. 25, 2021). I take judicial notice of this decision, the

docket sheets in Court of Appeals District IV Case Nos. 2021AP000693, 2019AP001993,

2018AP001648, and the docket sheets in Rock County Case Nos. 2019CV000386,

2018CV000421, and 2017CV000689.

---

[1] I am exercising jurisdiction over this case for screening purposes only.

"In August 2017, McCray filed a complaint (the 'first action') against the City of Beloit." *McCray*, 2021 WL 8567700, at *1. McCray argued that the police's investigation of him was false and misdirected. *Id.* The circuit court dismissed the first action without prejudice, holding that McCray failed to comply with Wis. Stat. § 893.80, a notice of claim statute. *Id.*

"McCray did not appeal that dismissal order but instead filed a new complaint (the 'second action') against the City of Beloit and police officers," which the circuit court dismissed with prejudice. *Id.* McCray appealed and the state court of appeals issued a summary opinion affirming the circuit court. *Id.*

McCray filed a third action in the circuit court, naming as defendants the same individuals that he names in the caption of his complaint in this case. *See id.* The circuit court "dismissed McCray's claims based on issue preclusion and claim preclusion." *Id.*

The court of appeals affirmed the circuit court. *Id.* *2. Because McCray "failed to make any coherent, non-frivolous argument that addresse[d] issue preclusion or claim preclusion, the basis for the circuit court's decision," the court of appeals granted the respondents' motion for sanctions and remanded to the circuit court to determine the appropriate amount of costs, fees, and reasonable attorney fees. *Id.*

McCray satisfied judgments of $5,387.37 and $778.50 in, respectively, 2019CV000386 and 2018CV000421. When McCray filed this case, his second appeal in 2018CV000421 was pending in 2021AP000693.

In this case, McCray filed a 33-page complaint. His complaint reflects an attempt to overturn his unfavorable judgments in the three state cases. For instance, in his first request for relief, McCray asks me to "order the entry of the correct judgment" in his third circuit court case and unsuccessful appeal. Dkt. 1 at 29. McCray contends that the state courts erroneously

determined that the Wisconsin notice-of-claim statute applied and that claim and issue preclusion barred his claims. The complaint restates McCray's allegations that certain individuals falsely and improperly investigated him, which included preparing a false police report. McCray accuses the defendants in his state cases and their attorneys of misleading the courts and other misconduct. McCray also alleges that judges were biased against him based on race and disability and that court personnel did not complete ministerial duties to file some of his court documents. McCray suggests that, had court personnel completed these duties, he would have prevailed in those state cases. McCray asserts claims and various federal and Wisconsin-law theories, including violations of due process and equal protection. In addition to overturning his unsuccessful state judgments, McCray seeks damages.

ANALYSIS

Federal Rule of Civil Procedure 8(a)(2) provides that a claim for relief must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). The primary purpose of these rules is "to give the defendant fair notice of what the claim is and the grounds upon which it rests." *See Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618 (7th Cir. 2007) (alteration adopted). "Because claims under 42 U.S.C. § 1983 must be based on a defendant's personal involvement in a constitutional violation, each individual defendant plaintiff wishes to sue must be able to understand what he or she is alleged to have done to violate plaintiff's rights." *Smith v. Monti*, No. 22-CV-435-DWD, 2022 WL 836766, at *2 (S.D. Ill. Mar. 21, 2022); *see Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017). If lack of "basic coherence renders a complaint too confusing to determine the facts that constitute the alleged

wrongful conduct," dismissal may be an appropriate remedy. *Stanard v. Nygren*, 658 F.3d 792, 798 (7th Cir. 2011). Although length alone is "generally insufficient to justify rejecting a complaint," *id.* at 797, length may contribute to a complaint's lack of coherence, *U.S. ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003). I may sua sponte order a plaintiff to file an order to amend when his complaint does not comply with Rule 8, even if he has paid the filing fee. *See Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003); *Mohammed v. Prairie State Legal Servs., Inc.*, No. 20-2419, 2021 WL 4962988, at *2 (7th Cir. Oct. 26, 2021).

Here, McCray's complaint does not comply with Rule 8. Although McCray identifies several causes of action, many of his supporting factual allegations are not fully clear. Also, many of McCray's allegations relate to individuals that he has not named as defendants in the caption of his complaint. McCray frequently refers to the named defendants as "Curtis Luther et al.," making it impossible to tell which factual allegations apply to which defendants. Another problem is that the lengthy complaint is full of legal arguments and other unnecessary and redundant material. The complaint's excessive length and disorganization contribute to its overall lack of coherence. *See Lockheed-Martin*, 328 F.3d at 378–79; *Crenshaw v. Antokol*, 206 F. App'x 560, 564 (7th Cir. 2006).

Because the complaint does not comply with Rule 8, I will give McCray a final chance to file an amended complaint to fix this problem. In drafting his amended complaint, McCray should remember to do the following:

- Carefully consider whether he is naming proper defendants and omit defendants who did not personally participate in, or otherwise cause, a violation of federal law.

- Identify by full name all the individuals he wishes to sue in the amended complaint's caption.

4

- Omit legal arguments other than explaining what types of claims he wishes to assert.

ORDER

IT IS ORDERED that:

1. Plaintiff Ronald McCray's complaint, Dkt. 1, is DISMISSED.

2. Plaintiff may have until January 13, 2023 to submit an amended complaint that corrects the above deficiencies.

3. Plaintiff must file his amended complaint on the court's nonprisoner complaint form, which the court will send him with this order. Plaintiff must fill out the form completely. If plaintiff requires any additional space to allege his claims, he may submit no more than five supplemental pages.

4. The amended complaint will act as a complete substitute for the complaint. This case will proceed on only the allegations made and claims presented in the amended complaint, and against only the defendants specifically named in the amended complaint's caption.

5. If plaintiff does not file an amended complaint by January 13, 2023, or otherwise fails to comply with this order, I will dismiss the case for any appropriate reason.

6. It is plaintiff's obligation to inform the court of any new address. If he fails to do this and defendants or the court are unable to locate him, him claims may be dismissed for his failure to prosecute them.

7. The clerk of court is directed to send plaintiff copies of this order and the court's nonprisoner complaint form.

Entered December 13, 2022.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge