IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

RONALD MCCRAY,

                Plaintiff,

v.

LORI S. CURTIS LUTHER, KEVIN LEAVY, REGINA
DUNKIN, CLINTON ANDERSON, NANCY
FORBECK, BETH JACOBSEN, MARK PREUSCHL,
JILLIAN PETERSON, RALPH BERKLEY, MARDELL
JACOBSEN, ANA KELLY, DENNIS MURPHY,
TRESSY BROWN, and SHERRY BLAKELEY,

                Defendants.

OPINION and ORDER

22-cv-288-wmc[1]

---

    Pro se plaintiff Ronald McCray filed a complaint and paid the $402 filing fee. I dismissed McCray's complaint because it did not contain a short and plain statement of his claims showing that he was entitled to relief but allowed him to file an amended complaint to fix this problem. In his amended complaint, McCray alleges various state- and federal-law violations. I may sua sponte dismiss a frivolous or clearly deficient lawsuit, even if the plaintiff has paid the filing fee. *See Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003). Because McCray's amended complaint is frivolous and clearly deficient, I will dismiss it without leave to amend.

BACKGROUND

    McCray's allegations relate to issue that he has already litigated in state court. I draw the following background from *McCray v. Luther*, No. 2019AP1993, 2021 WL 8567700 (Wis.

---

[1] I am exercising jurisdiction over this case for screening purposes only.

Ct. App. Mar. 25, 2021). I take judicial notice of this decision, the docket sheets in Court of Appeals District IV Case Nos. 2021AP000693, 2019AP001993, 2018AP001648, and the docket sheets in Rock County Case Nos. 2019CV000386, 2018CV000421, and 2017CV000689.

"In August 2017, McCray filed a complaint (the 'first action') against the City of Beloit." *McCray*, 2021 WL 8567700, at *1. McCray argued that the police's investigation of him was false and misdirected. *Id.* The circuit court dismissed the first action without prejudice, holding that McCray failed to comply with Wis. Stat. § 893.80, a notice-of-claim statute. *Id.*

"McCray did not appeal that dismissal order but instead filed a new complaint (the 'second action') against the City of Beloit and police officers," which the circuit court dismissed with prejudice. *Id.* McCray appealed and the state court of appeals issued a summary opinion affirming the circuit court. *Id.*

McCray filed a third action in the circuit court, naming as defendants the same individuals that he names in the caption of his amended complaint in this case. *See id.* The circuit court "dismissed McCray's claims based on issue preclusion and claim preclusion." *Id.*

The court of appeals affirmed the circuit court. *Id.* *2. Because McCray "failed to make any coherent, non-frivolous argument that addresse[d] issue preclusion or claim preclusion, the basis for the circuit court's decision," the court of appeals granted the respondents' motion for sanctions and remanded to the circuit court to determine the appropriate amount of costs, fees, and reasonable attorney fees. *Id.*

McCray satisfied judgments of $5,387.37 and $778.50 in, respectively, 2019CV000386 and 2018CV000421. When McCray filed this case, his second appeal in 2018CV000421 was pending in 2021AP000693.

FACTUAL ALLEGATIONS

McCray is an African-American retiree. Defendant Luther was the City Manager of Beloit, Wisconsin. Defendants Leavy, Dunkin, Anderson, Blakeley, Forbeck, Beth Jacobsen, and Preushl are current or former members of the Beloit City Council. I refer to these defendants collectively as the "city council defendants." Defendant Peterson worked for Beloit Police Department as Director of Support Services. Defendants Kelly, Berkley, Mardell Jacobsen, Murphy, and Brown are current or former members of the Beloit Police and Fire Commission. I refer to these defendants collectively as the "commission defendants."

Nondefendant Daugherty, a police officer, wrote a police report falsely stating that McCray was making harassing phone calls to dental patients and refused to amend the report. McCray complained to Luther but received no response. McCray then complained to the commission defendants, who did not discuss his complaint at a commission meeting. Nondefendant Gates, a police sergeant, falsely stated that he would amend Daugherty's police report. McCray complained to the commission defendants, who again failed to discuss his complaint at a commission meeting. The city council defendants also ignored several of McCray's complaints.

Peterson: (1) entered false statements into a public record and concealed public records from McCray; (2) failed to provide McCray "with a determination to deny McCray's written request"; (3) removed police reports McCray had already received; and (4) removed police reports and replaced them with different ones.

In 2019CV000386, defendants' attorney, Kyle Engelke, entered "a facially unconstitutional" order awarding themselves costs and fees, thus "stripping McCray of all his federally protected Civil Rights." Engelke also argued that McCray failed to comply with

Wisconsin's notice-of-claim requirement, relying on an unpublished opinion. According to McCray, that requirement did not apply because defendants failed to serve him with a notice of disallowance. The court of appeals' adverse decision in 2018AP001648 violated federal law. Defendants, through Engelke, gave "false information to an officer of the court regarding all relevant matters herein."

McCray sues all defendants individually and alleges violations of due process, equal protection, and various Wisconsin statutes. McCray seeks damages and an order directing the circuit court to file certain documents that were removed from the record, allegedly in violation of Wisconsin law.

## ANALYSIS

**A. Due process**

The thrust of the amended complaint is that defendants violated McCray's due process rights by failing to respond to his complaints about the false police report, and by mishandling documents and document requests related to those complaints. This allegation suggests a procedural due process violation, so I will analyze this theory first. I will then analyze McCray's other due process theories.

The Fourteenth Amendment's Due Process Clause prohibits states from "depriv[ing] any person of life, liberty, or property, without due process of law[.]" U.S. Const. Amend. XIV, § 1. To state a procedural due process claim, McCray must demonstrate (1) a cognizable liberty or property interest; (2) a deprivation of that interest; and (3) a denial of due process. *See Mann v. Vogel*, 707 F.3d 872, 877 (7th Cir. 2013); *see also Crenshaw v. Baynerd*, 180 F.3d 866, 869 (7th Cir. 1999) ("[T]o raise a procedural due

4

process claim," the plaintiff must "identify a . . . state-created liberty interest[.]" (citation omitted)). State law may create and liberty and property interests, but state procedural protections do not by themselves give rise to federal due process interests. *Lavite v. Dunstan*, 932 F.3d 1020, 1033 (7th Cir. 2019). Usually, "failure to follow state statutes or state-mandated procedures does not amount to a federal due process claim of constitutional magnitude." *See Dietchweiler by Dietchweiler v. Lucas*, 827 F.3d 622, 629 (7th Cir. 2016). Purely procedural rules of state law "give rise to constitutionally protected interests only when the mandated procedure contains within it a *substantive* liberty or property interest." *Manley v. Law*, 889 F.3d 885, 893 (7th Cir. 2018) (emphasis in original).

Here, McCray alleges that Luther failed to respond to his complaint about the false police report and that the commission defendants failed to discuss his complaints at a meeting. Similarly, McCray alleges that the city council defendants ignored several of his complaints. McCray also alleges that Peterson made false statements in public records, mishandled police reports and other public records, and failed to respond to McCray's public records request. McCray contends that these actions violated a few Wisconsin statutes, such as ones governing the commission's disciplinary actions against police officers, *see* Wis. Stat. § 62.13(5), and the Wisconsin Open Records Law, *see* Wis. Stat. § 19.35(4)(a)–(b). This case does not involve any alleged property interests, and McCray's vague allegations that he failed to receive the procedural protections that these laws provide do not suggest that he had a state-created liberty interest. *See, e.g., Crenshaw v. Baynerd*, 180 F.3d 866, 869 (7th Cir. 1999) ("[T]he mere expectation of receiving a state-afforded process does not establish . . . [a] liberty . . . interest . . . ."); *cf. Bertrang v. City of Mondovi*, No. 17-CV-918-BBC, 2018 WL 3978109, at *7 (W.D. Wis. Aug. 20, 2018) (procedural guarantees in open records law did not support procedural

5

due process claim); *Salimes v. Town of Caledonia Bd. of Police & Fire Comm'rs*, 202 Wis. 2d 650, at *3 (Ct. App. 1996) (Wis. Stat. § 62.13(5) "was designed to define and protect the due process rights of police officers"). Because McCray's allegations do not suggest any protected property or liberty interest, I will not allow McCray to proceed on his procedural due process claim.

McCray contends that the same conduct violated certain Wisconsin criminal laws. But these laws do not give a citizen an enforceable interest in the prosecution of any individual. A state may create "a protected liberty interest by placing substantive limitations on official discretion," *Kentucky Dep't of Corr. v. Thompson*, 490 U.S. 454, 462 (1989), but district attorneys in Wisconsin have "limitless" discretion in determining whether to commence a prosecution, *State ex rel. Richards v. Foust*, 165 Wis. 2d 429, 434 (1991). And McCray's conclusory allegations do not suggest that defendants were responsible for enforcing these criminal laws. *See Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017) ("Individual liability under § 1983 . . . requires personal involvement in the alleged constitutional deprivation." (alteration adopted)); *Foust*, 165 Wis. 2d at 434. I will not allow McCray to proceed on this theory because it is frivolous.

McCray alleges a due process claim based on Engelke's conduct in his state court cases. Even if I assumed that Engelke's conduct could be attributed to defendants for purposes of a federal civil rights claim, McCray's allegations are legal conclusions couched as factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). McCray simply disagrees with the legal arguments that Engelke made in those cases. The mere fact that a party in a state-court case made arguments—under state law—that the losing party disagreed with does not state a federal civil rights claim, even if the plaintiff labels the party's conduct as a federal-law violation

6

in his complaint. *Cf. id.* at 678–79. McCray's sweeping allegation that Engelke gave "false information to an officer of the court regarding all relevant matters herein" is purely conclusory. McCray's claims based on defendants' response to Engelke's conduct is frivolous.

McCray alleges a due process claim based on the court of appeals' adverse decision. But McCray seeks damages, and judges "enjoy absolute immunity from damages liability for acts performed in their judicial capacities." *Sup. Ct. of Va. v. Consumers Union of U.S., Inc.*, 446 U.S. 719, 735 (1980). McCray seeks an order directing the circuit court to file certain documents that were removed from the record. But this request for injunctive relief does not relate to the court of appeals' adverse decision. I will not allow this claim to proceed.

**B. Equal protection**

Generally, to state a claim for equal protection, the plaintiff must allege that the defendant mistreated him because of him race. *See Freeman v. Metro. Water Reclamation Dist. of Greater Chicago*, 927 F.3d 961, 965 (7th Cir. 2019); *Donaldson v. City of Chicago*, 784 F. App'x 957, 960 (7th Cir. 2019). The plaintiff must plead facts sufficient to support a reasonable inference of discriminatory intent. *See Iqbal*, 556 U.S. at 678–79; *McReynolds v. Merrill Lynch & Co.*, 694 F.3d 873, 886 (7th Cir. 2012). "A plaintiff alleging a class-of-one equal-protection claim must establish that (1) a state actor has intentionally treated him differently than others similarly situated, and (2) there is no rational basis for the difference in treatment." *Reget v. City of La Crosse*, 595 F.3d 691, 695 (7th Cir. 2010).

Here, McCray bases his equal protection claim on the same allegations on which he bases his due process claim. McCray does not allege that defendants mistreated him *because of* his race, and his conclusory allegations do not support this inference. Nor has McCray alleged that defendants have treated him differently than others similarly situated or that there was

no rational basis for this treatment. I will not allow McCray to proceed on his equal protection claim because it is clearly deficient.

## C. Injunctive relief

McCray seeks an order directing the circuit court to file certain documents that were removed from the record, allegedly in violation of Wisconsin law. But McCray does not allege that defendants are responsible for this deprivation. *See Colbert*, 851 F.3d at 657. Also, McCray's allegations do not suggest that this deprivation violated federal law, and "it is difficult to think of a greater intrusion on state sovereignty than when a federal court instructs state officials on how to conform their conduct to state law." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 106 (1984). I will not allow McCray to proceed on a request for injunctive relief based on an alleged violation of state law.

## D. Nondefendants

McCray mentions certain individuals in his complaint but does not name them in the amended complaint's caption. The amended complaint does not clearly indicate that McCray wishes to proceed against these individuals. *See* Dkt. 4 at 1–3, 9. Even if he wanted to, I would not allow McCray to proceed against these individuals. In my order to amend, I told McCray that he must name a person in the amended complaint's caption to proceed against him. Dkt. 3 at 4; *see Myles v. United States*, 416 F.3d 551, 551 (7th Cir. 2005).

## E. Wisconsin-law claims

Because I am disallowing McCray from proceeding on his federal claims, I decline to exercise supplemental jurisdiction over his Wisconsin-law claims. *Groce v. Eli Lilly & Co.*, 193 F.3d 496, 501 (7th Cir. 1999) ("[I]t is the well-established law of this circuit that the

8

usual practice is to dismiss without prejudice state supplemental claims whenever all federal claims have been dismissed prior to trial.").

McCray's amended complaint is frivolous and clearly deficient, and I see no way for McCray to clarify or supplement his allegations to state plausible claims for relief. I will dismiss it without leave to amend. *See Bogie v. Rosenberg*, 705 F.3d 603, 608 (7th Cir. 2013) ("Leave to amend need not be granted . . . if it is clear that any amendment would be futile.").

## ORDER

IT IS ORDERED that:

1. Plaintiff Ronald McCray's amended complaint, Dkt. 4, is DISMISSED without leave to amend.

2. Plaintiff's Wisconsin-law claims are DISMISSED, without prejudice, because the court declines to exercise supplemental jurisdiction.

3. The clerk of court is directed to enter judgment accordingly and send plaintiff a copy of this order.

Entered January 23, 2023.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge